**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **VALERIE TAFOYA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 5:21-cv-751** |
| **vs.** | § | |
| | § | |
| **PHH MORTGAGE CORPORATION  and** | § | |
| **OCWEN LOAN SERVICING, LLC** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant PHH Mortgage Corporation, on its own behalf and as successor-by-merger to Defendant Ocwen Loan Servicing, LLC ("***PHH***"), hereby gives notice of the removal of the state court civil action described below. As grounds for the removal, PHH respectfully states the following:

**I.  INTRODUCTION**

1.      On or about June 22, 2021, Plaintiff Valerie Tafoya ("***Plaintiff***") filed her Original Petition instituting a suit numbered and styled as Cause No. 2021CV02270, *Valerie Tafoya v. PHH Mortgage Corporation and Ocwen Loan Servicing,* in the County Court at Law No. 3 of Bexar County, Texas (the "***Petition***").

2.      In the Petition, Plaintiff asserts claims for conversion and violation of Chapter 392 of the Texas Finance Code.  Plaintiff's claims all relate to the servicing of her deceased father's mortgage loan encumbering the real property commonly known as 7706 Alverstone Way, San Antonio, Texas 78250 (the "***Property***").

3.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by PHH are attached hereto, marked as composite **Exhibit A,** and incorporated herein by reference.

## II.  TIMELINESS OF NOTICE OF REMOVAL

4.      Less than thirty days have passed since Plaintiff served Defendant with the Petition. Therefore, Defendant's Notice of Removal falls within the 30-day period required by statute and is timely.[1]

## III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.      Complete diversity exists**.

6.      Complete diversity exists because Plaintiff and PHH are citizens of different states.

7.      Plaintiff is a resident of Bexar County, Texas, and is therefore considered a citizen of Texas.[2]

8.      PHH is the successor-by-merger to Ocwen Loan Servicing, LLC.  PHH is a New Jersey Corporation with its principal place of business located at 1 Mortgage Way, Mt. Laurel, New Jersey 08054.  A corporation is a citizen of the state where it is incorporated and the state

---

[1] 28 U.S.C. § 1446(b). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").
[2] *See* Petition, ¶ 4; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").

where it has its principal place of business.[3]  Therefore, for diversity purposes, PHH is a citizen of New Jersey.

9.      Plaintiff is a citizen of Texas and Defendant is a citizen of New Jersey. Therefore, complete diversity among the parties exists.

**B.      The amount in controversy exceeds $75,000.00.**

10.     In the Petition, Plaintiff states that she aims to "preserve her father's estate" in light of PHH's "call[s] and threat[s] [of] foreclosure."[4]  Plaintiff alleges her father obtained the mortgage loan on the Property at issue in this lawsuit, and that she is the independent administratrix of his estate.[5]

11.     When the object of a mortgagor's litigation is the protection of his or her entire property, the fair market value of the property is the proper measure of the amount in controversy.[6] Here, the value of the Property is at least $162,810.00.[7]  Therefore, the amount in controversy exceeds $75,000.00 based on the value of the relief Plaintiff seeks in her Petition.

## V.  VENUE

12.     Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas—the location of the pending state court action.[8]

---

[3] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).
[4] *See* Petition, ¶31-32
[5] *Id.* at ¶12, 19
[6] *Id.*
[7] *See* Bexar County Appraisal District Summary attached as **<u>Exhibit B</u>**. It is appropriate for the court to take judicial notice of the records of the Bexar County Appraisal District because they are public records and the information is readily ascertainable and the source— the Bexar County Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).
[8] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(4) (stating that the San Antonio Division of the Western District includes Bexar County).

## VI.  ADDITIONAL REQUIREMENTS

13.     Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Bexar County, Texas.

14.     In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, PHH respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

15.     Plaintiff demanded a jury trial in the Petition.

16.     **WHEREFORE**, having satisfied the requirements for removal, PHH gives notice that Cause No. 2021CV02270, *Valerie Tafoya v. PHH Mortgage Corporation and Ocwen Loan Servicing,* in the County Court at Law No. 3 of Bexar County, Texas, has been removed to this Court.

Respectfully submitted,

By: /s/ Emily G. Stroope
**EMILY STROOPE**
State Bar No. 24070692
**GREG DEVRIES**
State Bar No. 24105802
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney Street, Suite 1500
Houston, TX 77002
(713) 335-2145
(713) 520-1025 (Facsimile)
estroope@mcglinchey.com
gdevries@mcglinchey.com

*ATTORNEYS FOR DEFENDANT PHH MORTGAGE CORPORATION*

## CERTIFICATE AND NOTICE OF FILING

I certify that on August 9, 2021, this Notice of Removal was sent to the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served via email and/or via certified mail/return receipt requested upon the counsel for Plaintiff.


*/s/ /  Emily G. Stroope*
**EMILY G. STROOPE**


## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

***Via Email and/or ECF Notification***
William M. Clanton
926 Chulie
San Antonio, Texas 78216
bill@clantonlawoffice.com
***Attorney for Plaintiff***


*/s/  Emily G. Stroope*
**EMILY G. STROOPE**