IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VALERIE TAFOYA,<br>  *Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-21-CV-00751-XR |
| PHH MORTGAGE CORPORATION,<br>OCWEN LOAN SERVICING, LLC,<br>  *Defendants* | §<br>§<br>§<br>§ | |

**ORDER**

On this date, the Court considered its jurisdiction over this case. Finding that jurisdiction is lacking, the Court **REMANDS** this case.

Plaintiff Valerie Tafoya filed this action in the County Court at Law Number 3, Bexar County, Texas on June 22, 2021, asserting claims as the administratrix of the estate of her late father, Richard Torrez, against two mortgage loan servicers—PHH Mortgage Corporation ("PHH") and Ocwen Loan Servicing, LLC ("Ocwen"). *See* ECF No. 1-1 at 6. Specifically, Plaintiff asserts a cause of action against Ocwen for conversion, alleging that Ocwen failed to apply insurance proceeds it received after Torrez's death to the balance of the mortgage loan. *Id.* at 10. Plaintiff further alleges that, after Ocwen transferred servicing of the loan to PHH, PHH falsely threatened foreclosure of Torrez's property in violation of TEX. FIN. CODE § 392.301(a). *Id.* at 9.

PHH removed this action to federal court on August 9, 2021, on the basis of diversity jurisdiction. ECF No. 1. Although no party has filed a motion to remand, this Court has a duty to examine its subject matter jurisdiction and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

"A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy, exclusive of costs and interest, must exceed $75,000. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). It follows, then, that the removing party has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

Here, it is not facially apparent from the original petition that the claims asserted exceed the jurisdictional amount. Indeed, the petition explicitly states that Plaintiff "seeks less than $75,000 in relief." *See* ECF No. 1-1 at 6. PHH does not argue, and the Court does not find, that such a claim was made in bad faith, so this sum controls the amount in controversy. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar,* 47 F.3d at 1408.

Nonetheless, PHH contends that the amount-in-controversy requirement is satisfied here because Plaintiff aims to "preserve her father's estate" and thus the proper measure of the amount in controversy is the fair market value of the mortgaged property. ECF No. 1 at 3. Here,

PHH asserts that the value of the mortgaged property is at least $162,810.00. *Id.* It is true that in a declaratory judgment action, the amount in controversy "is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). Here, however, Plaintiff is not seeking declaratory relief and is not attempting to prevent foreclosure of the property. *See* ECF No. 1-1. She merely seeks to recover the insurance payment (in the total amount of $37,418.10) that Ocwen failed to apply to the note and to recover actual damages sustained in connection with PHH's debt collection practices pursuant to TEX. FIN. CODE § 392.403. In short, PHH's proposed measure of the amount in controversy—the market value of property—is inapposite based on the claims actually asserted in the original petition, and the amount asserted on the face of the petition will control.

Because the Court concludes that the amount-in-controversy requirement is not satisfied here, the Court lacks subject matter jurisdiction over this case and removal was improper. Accordingly, the Court **REMANDS** this case to the County Court at Law Number 3, Bexar County, Texas pursuant to 28 U.S.C. § 1447(d).

It is so **ORDERED**.

SIGNED this 13th day of August, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE